IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| M.E. and B.E., individually and on Behalf of their minor child, J.E., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | C.A. No. 4:18-cv-01117 |
| TERRY ROY TENNARD and ALVIN INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| *Defendants*. | § § | |

**ALVIN INDEPENDENT SCHOOL DISTRICT'S UNOPPOSED
MOTION TO AUTHORIZE DISCLOSURE OF MEDICAL RECORDS
AND CONFIDENTIAL COMMUNICATIONS**

Alvin Independent School District (AISD or the District) files this Motion to Authorize Disclosure of Medical Records and Confidential Communications held by the Custodians of Records of The Children's Assessment Center, and respectfully would show the Court the following:

1.  Plaintiffs, on behalf of their minor child, have filed a cause of action under Title IX of the Education Amendment of 1972 against the District and Mr. Tennard stemming from Mr. Tennard's alleged improper relationship with the minor child, J.E., while an employee of the District. Dkt. Nos. 1 & 24. This allegation is publicly known and has been reported on by the press.[1] The Children's Assessment Center has information regarding the minor child's

---

[1] https://abc13.com/alvin-isd-police-officer-accused-of-sex-with-junior-high-student/2794673/;
http://www.alvinsun.net/news/article_72c6fe76-233e-11e9-8a4a-63dc4db47200.html.

medical and psychological treatment that is relevant to a determination of the factual allegations and calculation of damages alleged in the lawsuit.

2. A subpoena for written depositions relating to any records and materials concerning the minor child was issued to The Children's Assessment Center. Subsequently, The Children's Assessment Center informed counsel for AISD that, in accordance with Texas Family Code § 261.201, a court order is needed prior to disclosure of such files and documents.

3. Good cause exists for the release of the requested information in that other ways of obtaining the information are unavailable or ineffective and the public interest and need for disclosure outweigh the potential injury to the patient, the physician-patient relationship, the therapist-patient relationship, and the treatment services. The disclosure of the information is essential to the administration of justice. *See In re Agers*, 2010 WL 1780133 (Tex. App.—Texarkana May 5, 2010, no pet.) (finding disclosure of Texas Department of Family and Protective Services' records and materials relating to a child's medical condition, causes, and contributing factors went to the heart of the mother's negligence claims against the hospital, and denying mother's petition for writ of mandamus). Plaintiffs have alleged a Title IX claim against AISD itself for the alleged improper relationship with the minor child. The disclosure of any statements made by the minor child concerning the alleged inappropriate relationship, forensic services, therapy and psychological services, and medical treatment at The Children's Assessment Center is essential to AISD's ability to properly defend Plaintiffs' Title IX claim against it. Upon disclosure, the records will be used and maintained as

confidential documents in accordance with the terms of the protective order entered by the Court in this matter. Dkt. No. 17.

4. Accordingly, AISD moves this Court order the release of the requested information. To that end, AISD requests that this Court set this matter for a hearing.

> Respectfully submitted,
>
> ROGERS, MORRIS & GROVER, L.L.P.
>
> /s/ Clay T. Grover
> CLAY T. GROVER
> State Bar No. 08550280
> Fed. I.D. 15064
> cgrover@rmgllp.com
> JONATHAN G. BRUSH
> State Bar No. 24045576
> Fed. I.D. 619970
> jbrush@rmgllp.com
> 5718 Westheimer, Suite 1200
> Houston, Texas 77057
> Telephone:   713/960-6000
> Facsimile:    713/960-6025
>
> ATTORNEYS FOR ALVIN ISD

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 17, 2019, and May 22, 2019, the parties for plaintiffs and Alvin ISD conferred by e-mail regarding the filing of this motion in a reasonable attempt to resolve issues raised by plaintiffs herein without necessity of court intervention. As a result of such communication, plaintiffs are unopposed to this filing.

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and notice was electronically provided to the following CM/ECF system participants:

Kurt Arnold
karnold@arnolditkin.com

Caj Boatright
cboatright@arnolditkin.com

Alison Baimbridge
abaimbridge@arnolditkin.com

Roland Christensen
rchristensen@arnolditkin.com

Aronld & Itkin, LLP
6009 Memorial Drive
Houston, Texas 77007

I further certify that on May 23, 2019, a true and correct copy of the foregoing was served on the following *via* United States mail, certified, return receipt requested, and addressed as follows:

The Children's Assessment Center
2500 Bolsover Street
Houston, Texas 77005
(*Via cm/rrr 7018 0040 0000 7161 3662*)

Attorney for Defendant AISD